## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARTIN I. LEWIS,                          )
                          Plaintiff,       )
v.                                         )       Case No. CIV-04-1550-L
                                           )
CORRECTIONS CORPORATION OF                 )
AMERICA, *et al*.,                         )
                          Defendants.      )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, bring this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Currently pending before the Court is Defendants' Motion to Dismiss and Brief in Support [Doc. #27] to which Plaintiff has filed a Response [Doc. #29]. For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be granted on the ground that Plaintiff has failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

### <u>Plaintiff's Claims</u>

Plaintiff is an Arizona inmate who at all times relevant to the claims raised was incarcerated at Diamondback Correctional Facility, a private prison located in Watonga, Oklahoma.[1] Plaintiff alleges that his Eighth Amendment rights have been violated as the result of conduct by correctional officer Ratzlaff. He claims she has assaulted him both

---

[1]Plaintiff has filed a Notice of Change of Address [Doc. #8] and has notified the Court that he is now incarcerated at the Arizona State Prison Complex in Safford, Arizona.

verbally and physically.  In addition, he claims that his Eight Amendment rights have been violated as a result of prison officials continuing to allow Ratzlaff to work in Plaintiff's housing unit.

Plaintiff further brings a claim alleging a violation of his due process rights. According to Plaintiff, prison officials have refused to answer his prison grievances addressed to the issue of Officer Ratzlaff's conduct.  Plaintiff seeks both injunctive-type relief and monetary damages.

Defendants have not addressed the merits of Plaintiff's claims but instead seek dismissal alleging Plaintiff has failed to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a).

## Analysis

The PLRA, 42 U.S.C. § 1997e(a), mandates exhaustion of administrative remedies in actions, such as this one, challenging prison conditions.  Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Actions filed before the exhaustion requirement is satisfied must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-741 (2001); *see also Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[T]he substantive meaning of §1997e(a) is clear: resort to a prison grievance process must precede resort to a court."), *cert. denied*, 125 S.Ct. 344 (2004).

Section 1997e(a) requires an inmate not only to initiate the grievance process, but to follow the process to its end. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies."). In addition, inmates must properly follow the grievance procedure and correct deficiencies along the way. *Id.*

A.      **The Arizona Department of Corrections Grievance System**

Because Plaintiff is a prisoner in the custody of the Arizona Department of Corrections (ADOC), the ADOC's grievance procedures govern his claims. *See* Motion to Dismiss, Exhibit A, ADOC Department Order Manual 802 Inmate Grievance System ("Grievance System"). The Grievance System may be used by inmates for a number of issues, including those related to staff. *See* Grievance System, Section 802.01, ¶ 1.1.1.1.

The first-step of the Grievance System requires the inmate to attempt to resolve the issue informally, by submitting an informal complaint to the assigned CO III on an Inmate Issue/Response, Form 916-1P, within ten *workdays* of the action giving rise to the complaint. *See* Grievance System, Section 802.08, ¶ 1.1. The CO III then must investigate and attempt to resolve the complaint informally. The CO III must provide a response to the inmate on the Form 916-1P within ten workdays of receipt of the complaint. *See id.*, ¶ 1.3. If the inmate fails to timely submit an informal grievance, the inmate forfeits the opportunity to pursue a formal grievance. *See id.* ¶ 1.1.1.

3

If informal resolution is not successful, the inmate must submit a formal grievance within ten *calendar* days from the date the inmate received the Form 916-1P response from the CO III.  The formal grievance must be submitted on the Inmate Request/Response, Form 802-1P.  *See* Grievance System, Section 802.09, ¶ 1.1.  The Institution/Unit Grievance Coordinator must log in the grievance upon receipt and then has twenty calendar days within which to attempt to resolve the grievance and provide a response to the inmate.  *Id.*, ¶ 1.2.

Within ten calendar days of receipt of any unfavorable decision, the inmate may then appeal by submitting a Form 802-3P, and all original documentation, to the Warden or Deputy Warden via the Grievance Coordinator.  *Id.*, ¶ 1.3.  The Warden or Deputy Warden shall provide a response to the inmate within twenty calendar days of receipt of the Form 802-3P.  *Id.*, ¶ 1.3.3.

The inmate then completes the Grievance System by appealing any unfavorable decision of the Warden or Deputy Warden to the Director.  The inmate must appeal within ten calendar days of receipt of the Form 802-3P.  *See id.*, ¶ 1.4.  The Director must provide a response within thirty calendar days of receipt of the Form 802-3P.  *Id.*, ¶ 1.4.3.  The Director's response is final and completes the Grievance System.  *Id.*, ¶ 1.4.4.

The Grievance System also addresses what an inmate should do if he does not receive a response to a grievance from prison officials.  The Grievance System provides:

4

> The maximum length of time for completion of the Grievance System is 100 calendar days, from initiation to final disposition. *Expiration of the time limit at any level in the process shall entitle the inmate to proceed to the next review level, unless the inmate agrees in writing to an extension.*

*See id*., Section 802.07, ¶ 1.2.4 (emphasis added).

## B.    Plaintiff's Efforts at Exhaustion

The incident with Ratzlaff giving rise to Plaintiff's claims occurred on September 17, 2004.  Plaintiff pursued two lines of grievances with respect to this incident.  First, he submitted an inmate letter to correctional officer (C/O) Ransford on September 17, 2004, to complain of Ratzlaff's conduct.  *See* Motion to Dismiss, Exhibit B at 1.  A response to this inmate letter was due within ten workdays -- on or before October 1, 2004.

Plaintiff did not receive a response until October 8, 2004.  The response is from C/O Ransford.  It states that on the date of the alleged incident, unit manager (U/M) Davis was conducting a training seminar for new cadets and then "suggests" that Plaintiff direct his "effort to informally resolve to U/M Davis."  *See* Motion to Dismiss, Exhibit B at 2.

Plaintiff did not file another informal grievance with U/M Davis but instead filed a formal grievance on October 10, 2004.  The grievance states:  "I filed an informal grievance 9/17/04 for being assaulted by C/O Ratzlaff.  This problem was not addressed per Arizona policy within ten working days."  *See* Motion to Dismiss, Exhibit B at 5.  Plaintiff did not receive a response to this grievance.

Plaintiff then submitted a grievance appeal on October 22, 2004.  He states: "The informal grievance responded to late and my problem with C/O Ratzlaff not addressed.  The

grievance filed on October 11, 2004 was not responded to."  *See* Plaintiff's Response, Exhibit B at 7.

Plaintiff pursued a second line of grievances, beginning with an inmate letter submitted to Ransford on September 24, 2004.  In this letter, he similarly complained of Ratzlaff's conduct and requested that she not be allowed to work in his housing unit.  Motion to Dismiss, Exhibit B at 3.  On October 8, 2004, Plaintiff received a timely response from Ransford who stated: "In response to your letter of 9-24-04, I wish you to be advised that I have no control over security staff assigned to this or any other housing unit.  You would be well-advised to direct this issue with COS Perez."  Motion to Dismiss, Exhibit B at 4.  On October 10, 2004, Plaintiff filed a formal grievance.  *See* Motion to Dismiss, Exhibit B at 6. There is no record of any response to this grievance.

The record further includes a third attempt at informal resolution.  On October 8, 2004, Plaintiff submitted an inmate letter to Warden Blain.  *See* Motion to Dismiss, Exhibit B at 7.  In that letter, Plaintiff complains that Diamondback staff are not following Arizona policy with respect to his grievances.  Plaintiff received a response to this letter on October 12, 2004, from Roberta Hickey, Diamondback's Grievance Coordinator.  *See id.*, Exhibit B at 8.  Ms. Hickey acknowledges receipt of "two grievances" "concerning your issue with Officer Ratzlaff."  Ms. Hickey advised Plaintiff that "[t]he grievances were forwarded to Mr. Moen."  According to the Affidavit of Ms. Hickey, Mr. Moen was, at the time in question, "the appropriate Arizona official handling Arizona inmate grievances."  *See* Motion to Dismiss, Exhibit C, Affidavit of Roberta Hickey, ¶ 7.

No further record exists with respect to the Plaintiff's attempts at following the grievance procedure.  Plaintiff filed his Complaint approximately one month later on November 15, 2004.  In his Response filed April 6, 2005, Plaintiff states: "there still has not been any word from Arizona officials about the plaintiff[']s grievance being forwarded to them."  *See* Response at 2.

The ADOC Grievance System requires the informal grievance, *i.e.*, the inmate letter, to be submitted to the "assigned CO III."  The record is not clear with respect to the identity of Plaintiff's assigned CO III.  Plaintiff contends he properly submitted his informal grievance to "unit counselor" Ransford who "carried the same duties as Arizona CO III." *See* Response at 1.  Ransford provided conflicting information to Plaintiff about the proper person to whom his grievance should be submitted.  In one response, he advised Plaintiff to submit the grievance to "U/M Davis" and in another response, he advised Plaintiff to submit the grievance to "COS Perez."  Hickey's affidavit does not clarify whether Davis, Perez or both individuals were functioning as Plaintiff's assigned CO III.

Despite this confusion, the Grievance System allowed Plaintiff to proceed to the next level when he did not receive a timely response to the September 17, 2004, informal grievance.  The Grievance System makes clear that the formal grievance must be submitted to the Grievance Coordinator, and Roberta Hickey is the Grievance Coordinator at Diamondback.  Ms. Hickey states that she forwarded both of the grievances to Mr. Moen, the official with the ADOC responsible for handling the inmate grievances.  Plaintiff did not receive a response to any formal grievance.  Therefore, pursuant to the Grievance System

Plaintiff had the right to pursue his grievance to the next level. *See* Grievance System, Section 802.07, ¶ 1.2.4. ("Expiration of the time limit at any level in the process shall entitle the inmate to proceed to the next review level, unless the inmate agrees in writing to an extension."). Plaintiff, however, did not do so.

The "next level" would require Plaintiff to file an appeal with the Warden. The record demonstrates that as to the first line of grievances initiated on September 17, 2004, Plaintiff filed an inmate letter with the Warden, not an appeal. As to the second line of grievances, Plaintiff filed an appeal but never received a response from the Warden to the grievance appeal. The final level of review requires an appeal to the Director. *See* Grievance System, Section 802.09, ¶ 1.4. There is no evidence that Plaintiff ever brought to the attention of the Director his efforts towards exhaustion of administrative remedies. Instead, before the 100-calendar day time period for completing his grievance lapsed, Plaintiff proceeded with filing his Complaint in the instant action.

As the Tenth Circuit has made clear, there is no substantial compliance doctrine that accompanies § 1997e(a)'s exhaustion requirement. The grievance process must not only be initiated, but it must be completed and the inmate must cure any deficiencies in the course of submitting the grievance. *Jernigan*, *supra*, 304 F.3d at 1032. The record demonstrates Plaintiff's failure to complete the grievance process in the manner made available through the ADOC Grievance System. Rather, he prematurely proceeded with the filing of this action. Therefore, it is recommended that Defendants' Motion to Dismiss be granted and the

8

Complaint be dismissed without prejudice for failure to satisfy § 1997e(a)'s exhaustion requirement.[2]

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. # 27] be granted on the ground that Plaintiff has failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). Plaintiff's action should be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by July   20th  , 2005.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[2]In the Complaint, Plaintiff suggests that on October 18, 2004, Ransford retaliated against him for filing grievances by falsely telling Plaintiff's unit orderly that Plaintiff was trying to submit grievances about other inmates smoking in the unit.  According to Plaintiff, these allegations placed him in danger of other inmates.  To the extent Plaintiff relies upon these allegations as evidence that administrative remedies were somehow unavailable, these allegations are insufficient.  His formal grievances had been forwarded by Roberta Hickey to Mr. Moen prior to this alleged incident. Therefore, Plaintiff fails to demonstrate that Ransford's statements prevented him from pursuing these formal grievances to the next level of review.  Moreover, Plaintiff filed a grievance appeal on October 22, 2004, four days after Ransford's alleged actions.

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral [Doc. #4] by the District Judge in this matter.

ENTERED this __30th__ day of June, 2005.

_____

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE